IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TUAN ANH NGUYEN,<br><br>Petitioner,<br><br>vs.<br><br>SHIKHA DOSANJ, Warden, Federal Detention Center, Honolulu, Hawai'i; POLLY KAISER, Acting Field Office Director, San Francisco Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security, in Their Official Capacities,<br><br>Respondents. | CIV. NO. 26-00109 SASP-RT<br><br>ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS |

ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

Tuan Anh Nguyen ("Nguyen") is an immigration detainee who has been in custody at the Federal Detention Center Honolulu ("FDC Honolulu") for more than seven months since he was ordered removed on August 20, 2025. On March 4, 2026, he filed a Verified Petition for Writ of Habeas Corpus ("Petition"), arguing that his prolonged detention violates the United States Supreme Court's ("Supreme Court") decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal from the United States is not reasonably foreseeable. For the reasons stated herein, Nguyen's Petition is GRANTED.

//

//

//

//

//

I.          **FACTUAL BACKGROUND**[1]

Nguyen was born in Vietnam in 1962. [Pet., ECF No. 1 ¶ 25.] Because of the Vietnam War, during which Nguyen's father served alongside United States forces, Nguyen and his family fled Vietnam, arriving in the United States in April 1982. [*Id.* ¶ 26.] And on April 14, 1982, Nguyen was granted lawful permanent resident status. [*Id.*; Decl. of James Terry Dold ("Dold Decl."), ECF No. 10-1 ¶ 6.]

But Nguyen's relocation to the United States was not without transgression. On July 27, 1993, Nguyen was convicted of grand theft auto. [Dold Decl. ¶ 8.] Less than two years later, on January 9, 1995, he was convicted of second-degree murder and three counts of first-degree terroristic threatening. [*Id.* ¶¶ 9–10.] Nguyen served time in prison for his convictions and, on October 20, 2022, was released on parole.[2] [*Id.* ¶ 12; Pet. ¶¶ 7, 27.] Following his release, Nguyen "liv[ed] peacefully in the Makiki neighborhood," "working at least two jobs," "regularly" attending church, and "checking in with his parole officer." [Pet. ¶¶ 7, 28, 29.]

While "living peacefully in the community," on May 5, 2025, Nguyen was arrested by United States Immigration and Customs Enforcement ("ICE") and charged with removability under Section 237(a)(2)(A)[3] of the Immigration and Nationality Act ("INA"). [*Id.* ¶¶ 29–30; Dold Decl. ¶¶ 14–15.] On August 20, 2025, an immigration judge sustained the charges of removability and ordered Nguyen removed to Vietnam. [Dold Decl. ¶ 16; Pet. ¶ 30.]

---

[1] Respondents do not challenge Nguyen's summary, and the parties seemingly agree as to the underlying facts. Thus, the Court treats these facts as undisputed. Other facts pertinent to this Court's decision are indicated below to the extent they apply.

[2] Nguyen was not immediately placed in removal proceedings. [Pet. ¶ 27.]

[3] Section 237 is codified at 8 U.S.C. § 1227.

Hence, Nguyen is subject to a final order of removal, and he is currently detained under Section 241(a)(6)[4] of the INA. [Dold Decl. ¶ 17.]

To effectuate Nguyen's removal to Vietnam, ICE submitted a request for a travel document to its Enforcement and Removal Operations ("ERO") division. [*Id.* ¶ 20.] As the division responsible for assisting in the enforcement of final orders of removal, ERO "has been actively engaging the Government of Vietnam in pursuit of a travel document for Mr. Nguyen." [*Id.*] But these efforts, while they "remain ongoing," have been unsuccessful thus far, since no travel documents for Nguyen have been issued to date. [Pet. ¶ 30.] Nor has Nguyen obtained a Vietnamese passport. [*Id.*; Dold Decl. ¶ 19.]

## II.    PROCEDURAL BACKGROUND

Having been in custody for more than six months since he was ordered removed, on March 4, 2026, Nguyen filed the current Petition against the warden of FDC Honolulu and three other United States government officials (collectively "Respondents") pursuant to 28 U.S.C. § 2241. [Pet., ECF No. 1.] In his Petition, Nguyen principally seeks immediate release, arguing that his prolonged detention violates *Zadvydas* and 8 U.S.C. § 1231. [*Id.* ¶¶ 52–64.] On the same date the Petition was filed, this Court directed service of Respondents and scheduled a status conference for March 9, 2026. [ECF No. 5.] At this status conference, the parties agreed to a briefing schedule beyond the time constraints prescribed by statute. [*See* ECF No. 7.] Additionally, Nguyen orally moved for preliminary relief in the form of an order directing Respondents not to remove Nguyen to a third country or transfer him out of district pending these proceedings. [*Id.*] With no objection from Respondents, Nguyen's oral motion was granted. [ECF Nos. 7, 8.] The parties then timely submitted their respective pleadings, with Nguyen

---

[4] Section 241 is codified at 8 U.S.C. § 1231.

3

noting that he does not believe a hearing on the Petition is necessary unless it would aid the Court in its decision. [ECF Nos. 10–11.]

**III.        DISCUSSION**

As an initial matter, there does not appear to be a dispute over the exhaustion of administrative remedies, and no custody determination is pending appeal within the immigration context. Additionally, pursuant to 28 U.S.C. § 2241, this Court has jurisdiction to hear Nguyen's Petition. *See* 28 U.S.C. § 2241(c)(3) (district courts may grant writs of habeas corpus to prisoners who demonstrate they are "in custody in violation of the Constitution or laws or treaties of the United States"); *Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Accordingly, the Court turns to the substance of the Petition.

Nguyen does not challenge the final order of removal or ICE's decision to detain him during the removal period authorized by 8 U.S.C. § 1231(a). [*See* Pet. ¶¶ 12–13, 53–64, 72–83; Pet'r's Reply, ECF No. 11 at PageID.86–87.] Rather, he argues that his prolonged post-removal-period detention is unlawful because ICE is not likely to remove him from the United States in the near future. [Pet. ¶¶ 75–76, 80–81; Pet'r's Reply at PageID.86–87.] Hence, the primary issue before this Court is whether Nguyen's removal is likely to occur in the reasonably foreseeable future.

The parties agree Nguyen is being detained under the post-removal detention provision of the INA, codified at 8 U.S.C. § 1231(a). That provision states, in relevant part, as follows:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

4

. . .

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(1)(A), (a)(2)(A).

Subsection (6) of § 1231(a) authorizes detention of a removable alien beyond the removal period, with no express limitation on the length of time detention may continue under the statute's authority. But in *Zadvydas*, the Supreme Court held that § 1231(a)(6) does not authorize indefinite or permanent detention of a removable alien, construing this provision "to contain an implicit 'reasonable time' limitation." 533 U.S. at 682. Thus, under *Zadvydas*, post-removal-order detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. This period, the Supreme Court has determined, is presumptively six months. *Id.* at 701. But after the six-month period, there is no longer a presumption of constitutionality, and "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Of course, the six-month presumption does not mean that every alien not removed within six months must be released—only that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

With these requirements in mind, the Court now turns to the circumstances of Nguyen's detention.

### A.    Nguyen's detention exceeds the presumptively reasonable period.

The parties agree Nguyen has been in custody since he was ordered removed on August 20, 2025. From that time, Nguyen has been detained at FDC Honolulu. Because more

5

than six months have elapsed since Nguyen entered immigration custody, his detention exceeds the presumptively reasonable six-month period under *Zadvydas*.

        **B.**        **Nguyen has shown that his removal is not reasonably foreseeable.**

Respondents contend Nguyen "has not provided a sufficient basis to show that his removal to the Socialist Republic of Vietnam . . . is not likely in the reasonably foreseeable future." [Resp'ts' Resp., ECF No. 10 at PageID.55.] This Court disagrees.

Nguyen was originally ordered removed on August 20, 2025, yet he remains detained at FDC Honolulu, with no passport or travel documents from Vietnam issued to date. Additionally, Vietnam has a longstanding practice of refusing pre-1995 Vietnamese immigrants like Nguyen, especially if their families supported the United States during the Vietnam War. [Pet. ¶ 34.] This practice appears to have been cemented by the repatriation treaty signed by the United States and Vietnam in 2008, under which "Vietnamese citizens are not subject to return to Vietnam . . . if they arrived in the United States before July 12, 1995." [*Id.* ¶ 35.] Even with the Memorandum of Understanding reached between the two governments in 2020, which created a process for repatriating pre-1995 Vietnamese immigrants to Vietnam, Vietnam has "overwhelmingly" refused to promptly issue travel documents for pre-1995 immigrants. [*Id.* ¶¶ 38–39.] Together, these uncontested facts constitute "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[5] *Zadvydas*, 533 U.S. at 701. Accordingly, on this record, Nguyen has met his burden under *Zadvydas*.

---

[5] Under comparable circumstances, this Court, along with many others, has similarly found that the petitioner in another case met his burden of showing that there was no significant likelihood of removal to Vietnam in the reasonably foreseeable future. *Huynh v. Dosanj*, Civil No. 26-00014 SASP-WRP (D. Haw. Mar. 12, 2026); *Vu v. Dosanj*, Civil No. 26-00013 MWJS-RT, 2026 WL 594740, at *2 (D. Haw. Mar. 3, 2026); *Truong v. Bondi*, Case No. SA-25-CA-01947-XR, 2026 WL 475296, at *4 (W.D. Tex. Feb. 11, 2026); *Pham v. Scott*, CASE NO. 2:26-cv-00027-LK, 2026 WL 238994, at *4 (W.D. Wash. Jan. 29, 2026); *Dao v. Bondi*,

C.    **Respondents have not rebutted Nguyen's showing that he is not likely to be removed in the reasonably foreseeable future.**

The remaining question is whether Respondents have furnished evidence to the contrary. Because "ICE is not seeking to remove [Nguyen] to a third country," [Dold Decl. ¶ 18,] this inquiry focuses on whether Respondents' evidence rebuts Nguyen's showing that there is no significant likelihood of removal to Vietnam in the reasonably foreseeable future. In support of their position that Nguyen "is expected to be deported to Vietnam in the near future," Respondents assert the following:

> The relationship between the United States and Vietnam has been evolving. For example, in November 2020, the United States and Vietnam agreed to a process for the deportation of certain citizens of Vietnam who entered the United States prior to 1995. *See* November 21, 2020 Memorandum of Understanding Between the Department of Homeland Security and the United States of America and the Ministry of Public Security of the Socialist Republic of Vietnam on the Acceptance of the Return of Vietnamese Citizens who Arrived in the United States Before July 12, 1995 and Who Have Been Ordered Removed from the United States *available at* ALC-FOIA-Re-Release-MOU-bates-1-8-8-10-21.pdf (last visited Oct. 10, 2025).

> [I]n fiscal year 2025, ICE has removed at least 587 Vietnamese citizens to Vietnam and, since February 2025, has obtained travel documents for Vietnamese citizens who immigrated to the United States before 1995.

> ICE has removed several Vietnamese citizens to Vietnam since November 2025 and as recently as February 2026.

> [The Removal and International Operations ("RIO") Division of ICE] is actively attempting to obtain travel documents for Petitioner to be removed.

CASE NO. 2:25-cv-02340-LK, 2026 WL 18626, at *4 (W.D. Wash. Jan. 2, 2026); *Abubaka v. Bondi*, Case No. C25-1889RSL, 2025 WL 3204369, at *4 (W.D. Wash. Nov. 17, 2025); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 721–23 (W.D. Wash. 2025).

> RIO has made the request for travel documents and is awaiting a response from the Vietnamese government.

[Resp'ts' Resp. at PageID.59–60; *see* Dold Decl. ¶¶ 22–23, 25–26.] Based on this evidence, supported by the declaration of a deportation officer, this Court finds that Respondents have not rebutted Nguyen's showing that he is not likely to be removed in the reasonably foreseeable future.

As an initial matter, Respondents acknowledge that no travel documents have been issued by the Vietnamese government for Nguyen. [*See* Resp'ts' Resp. at PageID.57, 59.] And they offer no evidence as to when that may occur, whether there has been any progress since the request was made, and the likelihood — based on concrete evidence — that travel documents for Nguyen will be secured in the near future. As might be expected, "[t]he longer a request for travel documents remains pending without any action, 'what counts as the "reasonably foreseeable future" conversely would have to shrink.'" *Samadi v. Warden Richwood Corr. Ctr.*, CIVIL ACTION NO. 25-1889, 2026 WL 660574, at *2 (W.D. La. Mar. 9, 2026) (quoting *Zadvydas*, 533 U.S. at 701). Additionally, even if true that RIO is actively engaging in efforts to obtain travel documents for Nguyen, "[g]eneral indications that U.S. agencies have been in discussions with [the country of removal] regarding repatriation efforts do not indicate that those discussions will result in the timely removal of Petitioner." *Zhao v. Kelly*, Case No. CV 17–777–BRO (KES), 2017 WL 1591818, at *4 (C.D. Cal. Apr. 27, 2017); *see also Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006) ("ICE merely asserts that it has followed up on its request for travel documents from [the country of removal] and done all it can. . . . This is not sufficient evidence to rebut petitioner's showing that he is unlikely to be removed in the reasonably foreseeable future.").

Additionally, Respondents assert that evolving relations between Vietnam and the United States has led to routine issuance of travel documents for Vietnamese citizens and the removal of at least 587 of these citizens, with removals as recent as February 2026. But they provide no other details regarding these purported successes. To illustrate, they do not indicate the total number of detainees involved, when travel document requests were made, how long it took the Vietnamese government to issue travel documents, whether any detainees were not removed despite ICE's requests for travel documents, and how many of these detainees were not removed in comparison to those who were. Respondents also do not explain whether Nguyen's case is similar to any of those other cases in which Vietnamese citizens, particularly pre-1995 immigrants, were successfully repatriated to Vietnam.

A court in this jurisdiction has already refused to find Respondents' burden met where they offered similar numbers amounting to generalizations regarding the likelihood of removal. *Vu v. Dosanj*, Civil No. 26-00013 MWJS-RT, 2026 WL 594740, at *3 (D. Haw. Mar. 3, 2026). In *Vu*, the government submitted evidence, in the form of an ICE agent's declaration, that "ICE routinely has flights to Vietnam," that "ICE has removed several Vietnamese citizens to Vietnam as recently as November 2025," and that "ICE . . . removed at least 587 Vietnamese citizens to Vietnam" in fiscal year 2025. *Id.* Still, the court concluded that the government failed to meet its burden, reasoning that the government's assertions did "not offer any indication of what *percentage* of the government's requests are successful, or what *percentage* of the total number of attempted removals the 587 successful ones represent." *Id.* The court in *Vu* was apparently not alone, noting that other courts shared the same perspective as to the government's removal statistics lacking the same information. *Id.* (citing *Dao v. Bondi*, CASE NO. 2:25-cv-02340-LK, 2026 WL 18626, at *5 (W.D. Wash. Jan. 2, 2026); *Nguyen v. Hyde*, 788

9

F. Supp. 3d 144, 151 (D. Mass. 2025)). Needless to say, if the government's evidence in *Vu* did not rebut the petitioner's showing there, then Respondents' evidence here certainly does not rebut Nguyen's showing either.

Under *Zadvydas*, the standard is not whether there is "*any* prospect of removal—no matter how unlikely or unforeseeable." 533 U.S. at 702. Instead, to satisfy constitutional demands, the government must respond with evidence sufficient to rebut the showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Respondents here come up short.

> **D.      Nguyen is entitled to immediate release.**

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700. Nguyen's detention "exceeds a period reasonably necessary to secure [his] removal," *id.* at 699, and, thus, is unlawful under 8 U.S.C. § 1231(a). Accordingly, Nguyen must be immediately released. In consequence, his "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and" Nguyen "may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700 (citation omitted).

Lastly, as noted *supra* Section III.C., "ICE is not seeking to remove [Nguyen] to a third country." [Dold Decl. ¶ 18.] Thus, this Court declines to conduct an in-depth exploration of Nguyen's claims regarding third-country removal. Nonetheless, as Respondents acknowledge in their response to the Petition, if ICE later decides that efforts will be made to remove Nguyen to a country not designated as a country of removal on his order of removal, he is entitled to meaningful

10

notice — and meaningful opportunity to raise a country-specific claim against removal — before removal to any such country. [Resp'ts' Resp. at PageID.63.] *See D.V.D. v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ----, 2026 WL 521557, at *2, *40, *44 (D. Mass. Feb. 25, 2026) (holding that the Department of Homeland Security policy of removing aliens, without notice, to countries not designated as countries of removal on the aliens' orders of removal fails to satisfy due process), *appeal docketed*, No. 26-1212 (1st Cir. Feb. 28, 2026).

**IV.       CONCLUSION AND ORDER**

Nguyen's post-removal detention beyond the presumptively reasonable period is unlawful. Consequently, this Court ORDERS the following:

1.       Nguyen's Petition, ECF No. 1, is GRANTED as to the warden.[6]

2.       The warden of FDC Honolulu, Respondent Shikha Dosanj, must immediately release Nguyen from custody.

3.       Nguyen's release is subject to all conditions of any preexisting order of supervision.

//

//

//

//

//

//

---

[6] The Court agrees with Respondents that the warden, as the person having custody over Nguyen, is the only proper respondent to the habeas petition in this case, and no argument to the contrary has been presented to this Court for consideration. Therefore, Respondents' motion "to strike and to dismiss all respondents other than" the warden is GRANTED. [*See* Resp'ts' Resp. at PageID.55 n.1.]

4.      No later than **April 3, 2026**, the warden shall certify her compliance with this Court's Order through a filing on the docket.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 27, 2026.



Shanlyn A.S. Park
United States District Judge

_____

*Tuan Anh Nguyen v. Shikha Dosanj, Warden, Federal Detention Center, Honolulu, Hawai'i, et al.*; Civil No. 26-00109 SASP-RT; ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS