IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TUAN ANH NGUYEN,<br><br>Petitioner,<br><br>vs.<br><br>SHIKHA DOSANJ, Warden, Federal Detention Center, Honolulu, Hawai‘i,<br><br>Respondent. | Civil No. 26-00109 SASP-RT<br><br>ORDER OVERRULING RESPONDENT’S OBJECTIONS AND ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE’S 09/30/2026 FINDINGS AND RECOMMENDATION (ECF NO. 19) |

**ORDER OVERRULING RESPONDENT’S OBJECTIONS AND ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE’S 09/30/2026 FINDINGS AND RECOMMENDATION (ECF NO. 19)**

On March 4, 2026, Petitioner Tuan Anh Nguyen (“Petitioner”) filed a Verified Petition for Writ of Habeas Corpus (“Petition”). [ECF No. 1.] Petitioner was an immigration detainee and argued that his prolonged detention at the Federal Detention Center Honolulu (“FDC Honolulu”) violated the parameters set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). On March 27, 2026, the Court issued an order granting the Petition (“03/27/2026 Order”), ordering Petitioner’s immediate release from custody. [ECF No. 12.] On March 31, 2026, Respondent Shikha Dosanj (“Respondent”), the warden at FDC Honolulu, filed a status report, stating that Petitioner was released from custody pursuant to the 03/27/2026 Order. [ECF No. 13.] On April 22, 2026, the Clerk’s Office entered judgment. [ECF No. 15.]

On June 10, 2026, Petitioner filed a Motion for Fees and Expenses ("Fee Motion"). [ECF No. 16.] On June 17, 2026, Respondent filed an Opposition to the Fee Motion. [ECF No. 17.] On June 24, 2026, Petitioner filed a Reply. [ECF No. 18.]

On September 30, 2026, the magistrate judge issued a Findings and Recommendation to Grant in Part and Deny in Part Petitioner's Fee Motion ("09/30/2026 F&R"). [ECF No. 19.] Therein, the magistrate judge recommended that the district court award $23,881.70 in attorneys' fees and deny the request for $88.26 in costs. [*Id.* at PageID.231.]

On October 13, 2026, Respondent timely filed an objection to the 09/30/2026 F&R ("Objection"). [ECF No. 20.] On October 27, 2026, Petitioner timely filed a response to Respondent's Objection. [ECF No. 21.]

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(d), the district court may refer a motion for attorneys' fees to a magistrate judge under Federal Rule of Civil Procedure 72(b) as if it were a dispositive pretrial matter. Fed. R. Civ. P. 54(d)(2)(D). Under Rule 72(b), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may, accept, reject, or modify the recommended disposition[.]" Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *United States v. Reyna–Tapia,* 328 F.3d

1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, the court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.,* 457 F.3d 1001, 1004 (9th Cir. 2006) (citation omitted).

## II. DISCUSSION

In the 09/30/2026 F&R, the magistrate judge found that Petitioner was entitled to $23,881.70 in attorneys' fees because: (1) the Petition is a civil action under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"); (2) Petitioner is the prevailing party; (3) Respondent's position was not substantially justified; and (4) the fees are reasonable. [ECF No. 19 at PageID.222–230.] The magistrate judge recommended denying Petitioner's request for $88.26 in costs because the court was unable to determine its reasonableness or that the costs were indeed nontaxable. [*Id.* at PageID.231.]

Respondent objects to the magistrate judge's finding that this habeas matter is a "civil action" under the EAJA. Respondent generally argues that other circuits have held that habeas proceedings are not "civil actions" for EAJA purposes. [ECF No. 20 at PageID.236–238.] Respondent also argues that, although the Ninth Circuit allowed an award of fees in *Petition of Hill*, 775 F.2d 1037 (9th

Cir. 1985), *Hill* is inapposite to the circuit split. [ECF No. 20 at PageID.237–38 n.1.] Respondent, however, made these arguments in her Opposition to the Fee Motion, and the magistrate judge found them unpersuasive. The Court thus declines to consider them because they repeat arguments the magistrate judge addressed but rejected and do not meaningfully dispute the 09/30/2026 F&R. *Trejo Perez v. Madden*, No. 1:17-cv-01028-DAD-JDP (HC), 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020) (objections that "merely repeat[] the same arguments . . . considered and found to be insufficient" require no review because they "do not meaningfully dispute the magistrate judge's findings and recommendations"). Objections "are not a vehicle for the losing party to relitigate its case." *Muegge v. Aqua Hotels & Resorts, Inc.*, Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *3 n.5 (D. Haw. June 30, 2015) (citation omitted).

The only new point that Respondent raises—briefly, in a footnote—is that on June 29, 2026, the Supreme Court granted certiorari in *Montoya Palacios v. Liggins*, 146 S. Ct. 2789 (2026), to decide whether the phrase "in any civil action" in the EAJA encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention.[1] [ECF No. 20 at PageID.238 n.2.] Respondent does not request that the Court stay its ruling pending the Supreme Court's resolution of

[1] This development occurred after the parties submitted their briefing on the Fee Motion.

*Montoya Palacios*.[2] Instead, Respondent appears to contend that the Supreme Court's acceptance of certiorari in *Montoya Palacios* supports the proposition that the EAJA is ambiguous, such that this habeas case is not a "civil action" and Petitioner is not entitled to fees. The Court agrees with Petitioner that the Supreme Court's grant of certiorari does not, by itself, establish that the EAJA is ambiguous or preclude a fee award here. This Court remains bound by Ninth Circuit precedent recognizing that habeas petitions are civil actions for EAJA purposes. *Hill*, 775 F.2d at 1040–41; *Nadarajah v. Holder*, 569 F.3d 906, 923–26 (9th Cir. 2009) (affirming award of EAJA fees to a petitioner successfully challenging immigration detention). Respondent identifies no contrary binding authority that would justify departing from that precedent.

---

[2] Even if Respondent had requested a stay, the Court would deny the request. District courts have discretion to manage their dockets, including by staying proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising that discretion, courts consider the following factors: (1) "the possible damage which may result from the granting of a stay;" (2) the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay" (collectively, the "*Lockyer* factors"). *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). In support of his argument that a stay would not be warranted, Petitioner cites *Arnold Moradians v. Markwayne Mullin, et al.*, Case No.: 2:26-cv-04802-BFM, 2026 WL 3121899, at *1–2 (C.D. Cal. Oct. 15, 2026). [ECF No. 21 at PageID.245 n.2.] The Court finds the reasoning in *Moradians* persuasive and, for the same reasons, would deny any stay request pending the resolution of *Montoya Palacios*.

The Court thus finds that this habeas matter is a "civil action" under the EAJA and overrules Respondent's objections. Because Respondent does not object to the magistrate judge's remaining findings, the Court concludes that Petitioner is entitled to an award of attorneys' fees and costs.

As to the amount of attorneys' fees and costs, the Court adopts the magistrate judge's recommended award of attorneys' fees of $23,881.70. The Court declines to adopt the magistrate judge's recommendation to deny $88.26 in postage costs. *See* 28 U.S.C.§ 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Under the EAJA, a prevailing party may recover costs and expenses incurred in a case "that are ordinarily billed to a client," including postage costs. *See Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (listing examples such as travel expenses, postage, and telephone calls). In the initial Fee Motion, Petitioner attached a copy of the receipts for mailing the Petition in accordance with the Court's order directing overnight service. [ECF No. 16-8; ECF No. 5.] The Court finds the requested amount reasonable and awards Petitioner $88.26 in costs.

//

//

//

## III. CONCLUSION

For the reasons discussed above, the Court OVERRULES Respondent's Objections to the 09/30/2026 F&R (ECF No. 20) and ADOPTS IN PART AND MODIFIES IN PART the 09/30/2026 F&R (ECF No. 19). This habeas matter is a "civil action" under the EAJA. Petitioner is entitled to $23,881.70 in attorneys' fees and $88.26 in costs, for a total of **$23,969.96**.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 17, 2026.

*Shanlyn A.S. Park*

Shanlyn A.S. Park
United States District Judge